IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDIO HERNANDEZ, | : | CIVIL NO. 1:CV-05-1655 |
| Plaintiff, | : | |
| | : | (Chief Judge Kane) |
| v. | : | |
| | : | |
| JOHN A. PALAKOVICH, <u>et al.</u>, | : | |
| Defendants | : | |

**<u>MEMORANDUM</u>**

This civil rights complaint pursuant to 42 U.S.C. § 1983 was filed by Claudio Hernandez, an inmate confined at the State Correctional Institution at Smithfield ("SCI-Smithfield"). At the time, he was proceeding <u>pro se</u> in this matter. He is now represented by counsel and the action proceeds on an amended complaint filed on January 28, 2011. (Doc. No. 105.) Named as Defendants are the following individuals employed at SCI-Smithfield during the relevant time period: John A. Palakovich, Superintendent; Victoria Kormanic, Deputy Superintendent; George Weaver, Health Care Administrator; and Dr. Ronald Long, prison physician. Plaintiff sets forth claims of deliberate indifference to medical care in violation of the Eighth Amendment and related state claims. Pending is a motion to dismiss the amended complaint filed by Defendants Palakovich, Kormanic and Weaver. (Doc. No. 108.) For the reasons that follow the motion will be granted in part and denied in part.

**I.     Background**

When Plaintiff filed his original complaint in this action he named the Defendants referenced above as well as the SCI-Smithfield Medical Department, Holy Spirit Hospital and John Doe, a surgeon at Holy Spirit Hospital. Motions to dismiss the complaint were thereafter filed by Defendants. On November 10, 2010, a Memorandum and Order was issued granting the

motions to dismiss but affording Plaintiff the opportunity to submit an amended complaint with respect to his claims against Defendants Long, Palakovich, Kormanic and Weaver. (Doc. No. 99.) Defendants Holy Spirit Hospital and John Doe were dismissed from the action without leave to amend.

On January 24, 2011, Plaintiff, with the assistance of counsel, submitted his amended complaint. (Doc. No. 105.) He alleges that just after beginning his 4-12 year state sentence he began to feel an irritating and burning sensation in his left eye. He first received medical treatment for his eye in early 2004 when unidentified SCI-Smithfield officials sent him to JC Blair Memorial Hospital. He was advised there that he had a cataract in his left eye and that laser surgery was the appropriate treatment. On March 23, 2004, Plaintiff underwent what he expected to be routine cataract surgery on his left eye at Holy Spirit Hospital. Although he was told that laser surgery would be performed, hospital personnel instead performed surgery with a scalpel. As a result, Plaintiff maintains he sustained injury to his cornea. In addition, he states that the surgery was not effective and that he did not heal properly.

Plaintiff states that while he was being treated at Holy Spirit Hospital, he was housed temporarily at SCI-Camp Hill because of its proximity to the hospital. Following surgery, he was prescribed a series of eye drops and transferred back to SCI-Smithfield. He contends that the eye drops were ineffective and worsened his condition. He claims that because of the "blotched" operation and ineffective treatment, his left eye became infected. (Id. at ¶ 14.) He claims that after he notified SCI-Smithfield officials of the worsening condition of his eye due to the infection, he did not receive medical treatment for almost one week and suffered ongoing

pain and discomfort.[1]

Plaintiff alleges that due to the deteriorating condition of his left eye, he was prescribed a set of "protective tinted glasses." (Id. at ¶ 16.) However, he contends that he did not receive the glasses for over two (2) years. When he finally received the glasses, they were allegedly "non-tinted reading glasses." (Id.) Following several requests, tint was added to the glasses at Plaintiff's expense. Plaintiff claims that, at all relevant times, Defendant Long was his treating physician and that Defendant Weaver was the Health Care Administrator at SCI-Smithfield. According to Plaintiff, Long and Weaver knew about his medical problems concerning his left eye and the ongoing ineffective and improper treatment.

On December 16, 2004, Plaintiff was taken to see Dr. Schietroma. Dr. Schietroma recommended surgery to remove Plaintiff's left eye to eliminate the infection and prevent it from spreading to the right eye. According to Plaintiff, Dr. Schietroma also told him that the surgery would alleviate the discomfort caused by the infection. Surgery was scheduled for January 7, 2005. Prior to that date, Nurse Jackie at SCI-Smithfield gave Plaintiff a form to sign and told him that if he did not sign it, he could not have the surgery. Two (2) other unidentified nurses also were involved in the conversation. Plaintiff alleges that he does not speak English and was unable to read or understand the form. He states that the form was not explained to him, and his request to consult with an attorney prior to signing the form was denied. As a result, Plaintiff declined to sign the form, and the surgery was not performed. Plaintiff contends that the form presented to him constituted a policy, practice, and custom of SCI-Smithfield with respect to the treatment of prisoners.

---

[1] Plaintiff also alleges that this delay ultimately led to the loss of vision in his left eye.

Plaintiff alleges that Defendants Palakovich, Kormanic, Weaver, and Long bore supervisory responsibility for his medical care and knew of the policy, practice, and custom of requiring prisoners to sign a form as a condition of receiving medical treatment without making certain that they understood the form.  As such, Plaintiff claims that they were deliberately indifferent to his serious medical needs.  Based on the foregoing, Plaintiff states that he lost the vision in his left eye, suffers from deteriorating vision in his right eye, and has suffered significant physical and emotional distress.

Following the above allegations, Plaintiff sets forth specific counts in the amended complaint.  Count I is alleged against all four (4) Defendants for deliberate indifference to his serious medical needs in violation of the Eighth Amendment.  He states that, at all relevant times, he was under the custody of SCI-Smithfield and, therefore, Defendants were constitutionally obligated to provide him with medical care.[2]  He states that his eye condition constituted a serious medical need and that the surgery scheduled for January 7, 2005 could have prevented his significant discomfort as well as the spreading of the infection to his right eye.  He claims all Defendants "bore supervisory responsibility" for his medical care and that the form presented to him for signature before surgery constituted a policy, practice, or custom of SCI-Smithfield related to the medical treatment of prisoners of which Defendants knew or should have been aware of, and that they disregarded the excessive risk that his treatment would be conditioned on the signing of a form that he did not understand.

In the alterative, Plaintiff claims that, upon information and belief, Defendants knew of

---

[2] While in the amended complaint Plaintiff states "SCI-Springfield," it is clear that this is a typographical error, and he is actually referring to SCI-Smithfield.

the policy, custom, or practice of requiring prisoners to sign a form as a condition of receiving medical treatment without taking steps to ensure that they understood the form. He alleges claims of deliberate indifference against each of the Defendants on the basis that he was denied surgery for his serious medical need for refusing to sign the form.

Plaintiff also asserts a separate count of deliberate indifference against Defendants Long and Weaver. He bases this count upon the failure to provide him with medical care for his left eye for a one (1) week period after he notified SCI-Smithfield officials of his worsening condition following surgery, and for the failure to provide him with the prescribed tinted glasses for over two (2) years. The remaining counts are against Defendant Long for medical malpractice, against Defendant Weaver for negligence, and against Long and Weaver for negligent infliction of emotional distress.

## II.     Motion to Dismiss Standard

On a motion to dismiss, "[w]e accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Byers v. Intuit. Inc., 600 F.3d 286, 291 (3d Cir. 2010) (internal citation and quotation marks omitted). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," such as "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Santiago v. Warminster Tp., 629 F.3d 121, 128 (3d Cir. 2010). "The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 556). If a party does not "nudge [his] claims across the line from conceivable to plausible, [the] complaint must be dismissed." Twombly, 550 U.S. at 570.

### III. Discussion

The pending motion to dismiss is filed on behalf of Defendants Palakovich, Kormanic and Weaver. Defendant Long has submitted an answer to the amended complaint. In support of their motion to dismiss, Defendants first argue that Plaintiff fails to allege any personal involvement in the alleged misconduct on the part of Palakovich and Kormanic.

In a § 1983 civil rights action, the plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States. Parratt v. Taylor, 451 U.S. 527 (1981); Kost v. Kozakiewicz, 1 F.3d 176, 184 (3d Cir. 1993).

It is well established that personal liability under § 1983 cannot be imposed upon a state official based on a theory of respondeat superior. Rizzo v. Goode, 423 U.S. 362 (1976); Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976). It is also well settled in the Third Circuit that the personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case, and that a complaint must allege such personal involvement. Id. Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the unlawful events or occurrences upon which Plaintiff's claims are based. Id.; Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1998).

After reviewing the amended complaint, the Court agrees that the complaint fails to allege any particular action or conduct on the part of either Palakovich or Kormanic that rises to the level of the personal involvement needed to sustain a civil rights claim. The allegations set forth against Superintendent Palakovich and Deputy Superintendent Kormanic are legally insufficient in that Plaintiff merely alleges supervisory responsibility without setting forth any facts to show that either Palakovich or Kormanic were aware or should have been aware of and acquiesced in any of the details of Plaintiff's eye treatment or the forms used by the medical department with respect to Plaintiff's ongoing treatment. Plaintiff simply seeks to impose liability upon them because of their supervisory roles within the institution. There is not a single fact that shows either of these Defendants participated in, personally directed, acknowledged, or acquiesced in Plaintiff's medical care or the presentation of any forms to him involving his medical care. There are no facts alleged that demonstrate any interaction between Plaintiff and said Defendants with respect to Plaintiff's medical issues.[3] For these reasons, the motion to dismiss will be granted, and Defendants Palakovich and Kormanic will be dismissed from this action.[4]

---

[3] Further, if a prisoner is under the care of medical experts, non-medical prison officials are justified in believing the prisoner is being treated properly and is in capable hands. Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir. 2004). "Absent a reason to believe (or actual knowledge) that ... doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." Id. at 236; Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). The instant complaint states that Plaintiff was under the care of the medical staff at SCI-Smithfield and lacks any allegations that Plaintiff notified these supervisory officials of the problems he was experiencing relating to treatment for his eye condition.

[4] The court will not provide Plaintiff with another opportunity to submit an amended complaint with regard to Defendants Palakovich and Kormanic. The amended complaint was submitted on behalf of Plaintiff by counsel and simply fails to allege anything more that

While Defendants basically advance the same argument with respect to Defendant Weaver, the Health Care Administrator at SCI-Smithfield, the Court finds that Plaintiff should be allowed the opportunity to develop his claims with respect to Weaver through discovery.  In the complaint, Plaintiff alleges that "Weaver knew of [Plaintiff's] medical problems related to his left eye, and knew of the ongoing ineffective treatment and lack of proper treatment of [Plaintiff's] eye condition.  (Id. at ¶ 18.)  Without passing judgment as to the ultimate success of this claim, it will at least be allowed to proceed at this juncture because this allegation goes beyond that of mere supervisory liability.  As such, the motion to dismiss will be denied with respect to the claims asserted against Defendant Weaver.  An appropriate order follows.

---

supervisory liability.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CLAUDIO HERNANDEZ,** | : | CIVIL NO. 1:CV-05-1655 |
| **Plaintiff,** | : | |
| | : | (Chief Judge Kane) |
| **v.** | : | |
| | : | |
| **JOHN A. PALAKOVICH, et al.,** | : | |
| **Defendants** | : | |

**ORDER**

**NOW, THIS 12th DAY OF SEPTEMBER, 2011,** upon consideration of the Corrections Defendants' motion to dismiss the amended complaint (Doc. No. 108), **IT IS HEREBY**

**ORDERED AS FOLLOWS:**

1. Corrections Defendants' motion to dismiss (Doc. No. 108) is **granted in part and denied in part**. The motion is granted to the extent that all claims set forth against Defendants Palakovich and Kormanic are dismissed from this action. The motion is denied in all other respects. Defendants Palakovich and Kormanic are dismissed from this action.

2. Defendant Weaver shall file an answer to the claims against him within twenty (20) days from the date of this order.

S/ Yvette Kane
YVETTE KANE, Chief Judge
Middle District of Pennsylvania