IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CLAUDIO HERNANDEZ, | : | No. 1:05-cv-01655 |
| Plaintiff | : | |
| | : | (Judge Kane) |
| v. | : | |
| | : | |
| JOHN A. PALACKOVICH, et al., | : | |
| Defendants | : | |

## MEMORANDUM

Currently before the Court are Plaintiff Claudio Hernandez's motions to strike certain exhibits submitted by Defendant Weaver in support of his motion for summary judgment (Doc. Nos. 182, 191), Defendant Weaver's motion for summary judgment (Doc. No. 142), and Defendant Long's motion for summary judgment (Doc. No. 146). For the reasons that follow, the Court will deny Plaintiff's motions to strike, but will reopen discovery for a period of forty-five (45) days for the limited purpose set forth herein. In addition, the Court will deny the two pending motions for summary judgment without prejudice to renew and supplement within twenty (20) days following the expiration of the discovery period.

## I.   BACKGROUND

Plaintiff Claudio Hernandez filed this civil rights action pursuant to 42 U.S.C. § 1983 while confined as an inmate at the State Correctional Institution at Smithfield ("SCI-Smithfield"). At the time, he was proceeding pro se in this matter. Hernandez is now represented by counsel, and filed an amended complaint on January 28, 2011, setting forth claims of deliberate indifference to medical care in violation of the Eighth Amendment, as well as related claims under Pennsylvania law. (Doc. No. 105.) The only remaining Defendants in this action are SCI-Smithfield Health Care Administrator George Weaver and Dr. Long, prison physician.

On October 28, 2012, Defendant Weaver moved the Court to grant summary judgment in his favor on Plaintiff's amended complaint, and submitted his supporting statement of facts, brief and evidentiary materials. (Doc. Nos. 142-145.) On October 31, 2012, Defendant Long also filed a motion for summary judgment and his documents in support thereof. (Doc. Nos. 146-177.) Thereafter, Plaintiff filed an unopposed enlargement of time within which to oppose Defendants' motions. He was granted until November 21, 2012, within which to do so. On November 21, 2012, Plaintiff filed his briefs in opposition to Defendants' motions, as well as a motion to strike the Declaration of Tracy Williams submitted in support of the summary judgment motion. (Doc. Nos. 182-184.) On November 26, 2012, Plaintiff filed his brief in support of his motion to strike as well as his answers to Defendants' statements of material facts. (Doc. Nos. 185-187.) Reply briefs with respect to both summary judgment motions were filed on December 5, 2012. (Doc. Nos. 188, 190.) On December 6, 2012, Plaintiff filed a second motion seeking to strike several exhibits attached to Defendant Weaver's reply brief. (Doc. No. 191.) Both motions to strike are fully briefed.

## II. DISCUSSION

### A. The Challenged Exhibits

In Plaintiff's first motion to strike (Doc. No. 182), he challenges Defendant Weaver's submission of the Declaration of Tracy Williams in support of his pending motion for summary judgment. (Doc. No. 145, Ex. F.) Plaintiff states that the declaration is relevant to Weaver's exhaustion of administrative remedies affirmative defense because Williams is the only witness who can speak to the grievance procedures that may have been available to Plaintiff at SCI-Smithfield with respect to his claims. Plaintiff further argues that Williams is the only witness

who could plausibly testify about the DC-ADM 401 Policy Statement in which those grievance procedures are memorialized. According to Plaintiff, any consideration by the Court of the Williams Declaration would be severely prejudicial to him because Williams was never disclosed as a witness during the course of discovery, in violation of Federal Rules of Civil Procedure 33(b)(3), 26(a)(1)(A)(i) and 26(e).

Rule 26(a)(1)(A)(i) requires a party to disclose "each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Because Weaver failed to disclose Williams as a witness, Plaintiff argues that the declaration should be stricken. He further relies on Rule 37(c) which provides that where a party fails to provide information or identify a witness as required by Rule 26(a), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. He also argues that Rule 26(e) requires that a party timely supplement disclosure and discovery responses. Moreover, Plaintiff claims that striking the Williams Declaration is warranted because Weaver failed to disclose Williams as witness in response to Interrogatory No. One, which asked Defendant Weaver to "Identify all persons who may possess knowledge, information, or documents, relating to the . . . denials or defenses you may assert in connection with this action." (Doc. No. 182-4 at 31, 40.) As such, Plaintiff argues that Defendant Weaver cannot now use testimony from this witness that he failed to identify in response to that Interrogatory.[1]

---

[1] Plaintiff claims that in any event the Williams Declaration is "ultimately unnecessary" to the resolution of Weaver's motion for summary judgment. However, he argues that to the extent the Court finds anything contained therein to be relevant or persuasive, Defendant

In his second motion to strike, Plaintiff seeks to bar several exhibits submitted with Defendant Weaver's summary judgment reply brief. (Doc. No. 191.) Specifically, he challenges Defendant Weaver's submission of the Declaration of Lisa Hollibaugh, and the following three attachments thereto: a copy of the Inmate Handbook in Spanish (Manual para reclusos); a receipt for the DOC Handbook; and a printout from the DOC's automated Inmate Grievance Tracking System. (Doc. No. 188-1, Exs. A through A-4.) These exhibits all speak to the issue of exhaustion of administrative remedies. In contesting the submission of these items, Plaintiff basically raises the identical arguments set forth in his first motion to strike. He claims that Hollibaugh has never been disclosed as a witness or identified in response to Plaintiff's Interrogatory One, and that Defendant Weaver did not produce the exhibits attached to the Hollibaugh Declaration prior to filing his summary judgment reply brief.

**B.     Analysis**

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery. As set forth above, pursuant to Rule 26(a)(1)(A)(i), a party must, without awaiting a discovery request, provide to the other parties the name and, if know, the address and telephone number of each individual likely to have discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Rule 26(e) provides that a party is "under a duty to supplement or correct the disclosure or response to include information thereafter required if . . . the party learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other

---

Weaver's failure to disclose Williams as a witness is not harmless.

parties during the discovery process or in writing." Where a party fails, without substantial justification to disclose the information required by Rule 26(a) or 26(e)(1), that party shall not, unless such failure is harmless, be permitted to use as evidence at trial ... any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

In considering whether the exclusion of evidence is an appropriate sanction for failure to comply with discovery duties, the Court must consider four factors: (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or wilfulness in failing to comply with a court order or discovery obligation. Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000); see also Konstantopoulos v. Westvaco Corp., 112 F.3d 710, 719 (3d Cir. 1997).

The Court will analyze Plaintiff's pending motions to strike together because they present the same legal issues–two declarations by witnesses addressing the matter of administrative exhaustion and who were not previously disclosed to Plaintiff, along with several supporting documents. In reviewing the briefs submitted by the parties, the court finds that the content contained in the challenged exhibits is clearly relevant to the claims in the amended complaint. Pursuant to the Prison Litigation Reform Act, a prisoner is required to exhaust his available administrative remedies prior to filing any action under Section 1983 or any other federal law. See 42 U.S.C. § 1997e(a). In his original complaint, Plaintiff states that he has exhausted his administrative remedies. He does not specifically mention exhaustion in the amended complaint. In Defendant Weaver's answer to the amended complaint filed on September 21, 2011, he raises

the affirmative defense of failure to exhaust administrative remedies pursuant to § 1997e(a). (Doc. No. 120 at 12.)

In response to Plaintiff's contention that Defendant Weaver violated the Rules of Civil Procedure by failing to disclose Williams and Hollibaugh as witnesses over the course of discovery, Weaver states that initial disclosure requirements were inapplicable because Plaintiff filed this action <u>pro</u> <u>se</u> and, in any event, any non-disclosure to the interrogatories was harmless. First, the Court does not agree with Defendant that he was not obligated to make initial disclosures because the action was initiated <u>pro</u> <u>se</u>. Although the automatic disclosure provisions of Rule 26 are inapplicable to <u>pro</u> <u>se</u> prisoner cases, <u>see</u> Fed. R. Civ. P. 26(a)(1)(B)(iv), Plaintiff has been represented by counsel since 2008, which includes the time period during which the amended complaint was filed and all discovery has taken place. As such, the Court rejects Defendant's argument on this point. Defendant does appear to admit that the names of the witnesses who submitted the challenged declarations should have been disclosed in response to Plaintiff's interrogatories.

The question now becomes whether Defendant's failure to comply with the discovery rules is harmless. Pursuant to Federal Rule of Civil Procedure 37(c)(1), a "party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1). To determine whether such failure is "harmless," and, whether the evidence should be excluded, the United States Court of Appeals for the Third Circuit has set forth a four-factor test:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3)

the extent to which allowing the evidence would disrupt the orderly and efficient
trial of the case or other cases in the court; and (4) bad faith or wilfulness in
failing to comply with a court order or discovery obligation.

Nicholas v. Penn. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

In considering the four factors utilized in making this determination in light of the facts of this case, the Court finds that the error is harmless. First, Plaintiff is hard-pressed to claim surprise or prejudice where the record makes clear that he knew failure to exhaust was going to be a defense in this case. Defendant raised the failure to exhaust as an affirmative defense in his answer to the amended complaint filed more than a year prior to Defendant's summary judgment motion.[2] Although Plaintiff states that Defendant Weaver raised over thirty affirmative defenses, the number of defenses raised is completely irrelevant, as the Court presumes that Plaintiff's counsel reviewed the answer and each affirmative defense raised therein. Further, Plaintiff also cannot claim surprise because he was actually questioned about his exhaustion efforts during his deposition. (Doc. No. 145-12 at 1-2.) During the deposition, not only was Plaintiff asked about whether he filed grievances, but defense counsel also made a comment about the exhaustion of the administrative remedy requirement. (Id. at 2.) Based on the foregoing, Plaintiff cannot claim to lack notice that the failure to exhaust defense would be pursued by Defendant.

The next factor to be examined is deciding whether Plaintiff is prejudiced by the error. Although Plaintiff contends that he was unaware that the challenged evidence existed, the Court finds this impossible as Plaintiff testified about the grievance requirement and his efforts in filing

---

[2] The answer to the amended complaint was filed on September 21, 2011. Defendant Weaver filed his motion for summary judgment on October 28, 2012.

7

grievances during his deposition.³ Counsel for Plaintiff had to be aware that Defendant would use a witness to authenticate any documents relevant to the exhaustion issue.⁴ More importantly, although Plaintiff claims that Defendant's failure to disclose Williams and Hollibaugh as witnesses during discovery because he was never afforded the ability to depose them has prejudiced him, any existing prejudice can be cured. Discovery can be reopened for the limited purpose of affording Plaintiff the opportunity to depose these witnesses if he chooses, and explore the exhaustion issue.

The Court next looks at the extent to which allowing the challenged evidence would disrupt the orderly and efficient trial of the pending case. Plaintiff argues that Defendant should not be rewarded by allowing the admission of this evidence, even if Plaintiff is afforded the opportunity to depose the challenged witnesses. He claims that Defendant must "live with the record as it was developed during discovery, which has now come and gone." (Doc. No. 197 at 1.) Plaintiff further contends that reopening discovery would be unfair and would delay the resolution of litigation that has been pending for a number years. Although the Court is cognizant this case has been pending for some time, this is due in part to the processing of the case through the normal procedural channels, as well as the filing of numerous joint motions by the parties requesting leave to enlarge the discovery and dispositive motions period. In addition, reopening discovery to allow Plaintiff to depose Williams and/or Hollibaugh would be for a very

---

³ Defendant also maintains that various documents related to the exhaustion issue were provided to Plaintiff in response to his request for production of documents.

⁴ The issue of exhaustion is often raised via a motion to dismiss where a declaration is submitted to authenticate supporting exhaustion documents. Procedurally, this occurs prior to the time any discovery has taken place between the parties.

limited time period and the pending motions for summary judgment would be denied without prejudice to renew/supplement.

Finally, the Court considers the issue of bad faith. Counsel for Defendant Weaver maintains that in responding to interrogatory questions, Defendant Weaver would not have known to list any witnesses relevant to the exhaustion issue. Rather, Defendant Weaver would be responding purely from the perspective of identifying fact witnesses relative to the medical claim, and not providing the names of any witnesses particular to legal defenses in his responses. Plaintiff argues that because Defendant Weaver raised exhaustion as an affirmative defense in his answer, he should be expected to include responses relating to the exhaustion defense in the interrogatories. However, the Court does not necessarily hold Weaver to such a high standard. An answer, as a pleading, is prepared by counsel, whereas interrogatory questions are directed to and responded to by a party. See Fed. R. Civ. P. 33(b). Further, in all other respects, Defendant Weaver has complied with orders issued by this Court. As such, a finding of bad faith or wilfulness is not warranted in this case.[5]

Based on the Court's finding that Plaintiff cannot claim surprise with respect to the information contained in the challenged declarations and exhibits, and the fact that a cure for any prejudice exists in the form of a limited reopening of the discovery period, the Court finds that the pending motions to strike should be denied. Discovery will be reopened for a period of forty-five (45) days for the sole purpose of providing Plaintiff with the opportunity to depose Tracy Williams and/or Lisa Hollibaugh. The pending motions for summary judgment will be

---

[5] For these reasons, the Court will not direct Defendant to bear the costs and fees incurred by Plaintiff if he chooses to depose Williams and/or Hollibaugh.

denied, without prejudice to Defendants to renew/supplement their motions following the expiration of this limited discovery period. An order consistent with this memorandum follows.